UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

HECTOR M. ROJAS
and other similarly situated individuals,

 Plaintiff(s),

v.

TASCA DE ESPANA LLC,
and SHAHRUKH D. SARIARI, individually

 Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff HECTOR M. ROJAS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants TASCA DE ESPANA LLC, and SHAHRUKH D. SARIARI, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid half-time overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff HECTOR M. ROJAS is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant TASCA DE ESPANA LLC (hereinafter TASCA DE ESPANA, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant SHAHRUKH D. SARIARI was and is now, the owner/officer and manager of Defendant Corporation TASCA DE ESPANA. Defendant SHAHRUKH D. SARIARI is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff HECTOR M. ROJAS as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, retaliatory damages and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 25, 2019, (the "material time") without being properly compensated.

7. Defendant TASCA DE ESPANA is a Spanish restaurant located at 8770 SW 24th ST Miami, FL 33165, where the Plaintiff worked.

8. Defendants TASCA DE ESPANA and SHAHRUKH D. SARIARI employed Plaintiff HECTOR M. ROJAS as a non-exempted, full-time, salaried employee from approximately February 15, 2018, to November 11, 2019, or 90 weeks.

9. The Plaintiff was hired as a cook and to perform general restaurant work. During his relevant employment period, the Plaintiff was paid $750.00 and $1,000.00 per week.

10. On or about August 10, 2018, the owner of the business SHAHRUKH D. SARIARI send Plaintiff to work as a cook to another restaurant of his property, for a period of 23 weeks.

11. While employed by Defendants, Plaintiff worked 6 days per week a very regular schedule. The Plaintiff worked always in excess of 40 hours weekly, he was paid a weekly salary, but he was not paid for overtime hours.

12. Plaintiff worked the weeks and periods, at the rates as follows:

13. <u>A.- From February 15 to July 30, 2018, at TASCA DE ESPANA= 23 weeks</u>

    In this period, the Plaintiff had a regular schedule of 6 working days per week. he had Wednesdays off, but he worked as a cook on Monday from 8:00 AM to 6:00 PM (10 hours); on Tuesday from 4:00 PM to 10:00 PM (6 hours); on Thursdays from 8:00 AM to 5:00 (9 hours); on Friday and Saturday from 4:00 PM to 12:00 AM (8 hours each day); and on Sunday Plaintiff worked from 4:00 PM to 10:00 PM (6 hours). The Plaintiff worked a total of 47 hours weekly, and he was paid a salary of $750.00 weekly, or $15.96 an hour. The Plaintiff's half-time overtime rate should be $7.98 an hour.

14. <u>B.- From August 01 to January 08, 2019 at Sobe Restaurant Bar= 23 weeks</u>

    In this period, the Plaintiff had a regular schedule of 6 working days per week. The Plaintiff had Mondays off, but from Tuesday to Sunday, he worked as a cook from 11:00 am to 12:00 AM (13 hours daily). The Plaintiff worked a total of 78 hours weekly, and he was paid a salary of $1,000.00 weekly, or $12.82 an hour. The Plaintiff's half-time overtime rate should be $6.41 an hour.

15. <u>C.- From January 09 to November 11, 2019 at TASCA DE ESPANA= 44 weeks</u>

In this period, the Plaintiff had a regular schedule of 6 working days per week. Plaintiff had Thursday off, but on Monday and Tuesday he worked as a cook from 11:00 AM to 10:00 PM (11 hours each day); on Wednesday from 9:00 AM to 10:00 PM (13 hours); on Friday and Saturday from 4:00 Pm to 12:00 AM (8 hours each day); and on Sunday, Plaintiff worked from 4:00 PM to 10:00 PM (6 hours). The Plaintiff worked a total of 57 hours weekly, and he was paid a salary of $1,000.00 weekly, or $17.55 an hour. The Plaintiff's half-time overtime rate should be $8.78 an hour.

16. During all his time of employment with Defendants, the Plaintiff was unable to take bonafide lunch periods.

17. The Plaintiff clock-in and out at Tasca de Espana. While working at Sobe Restaurant Bar, the Defendants did not use any timekeeping device, but the Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

19. The Plaintiff was paid weekly by direct deposits or checks, without any record or paystub showing basic information such as the number of days and hours worked, wage-rate paid, employee's taxes withheld, etc.

20. In addition, while working at TASCA DE ESPANA Defendants did not pay Plaintiff his wages free and clear, and they made illegal weekly deductions to cover the costs of broken glasses and plates, cleaning, etc.

21. The Plaintiff was not in agreement with the lack of payment for overtime hours and with the weekly deductions and he complained multiple times to the owner of the business SHAHRUKH D. SARIARI. The Plaintiff requested to be paid for overtime hours and to stop the weekly deductions.

22. On or about November 4, 2019, the Plaintiff complained the last time. Once again he required to be paid for overtime to the owner of the business SHAHRUKH D. SARIARI.

23. As a result, on or about November 11, 2019, Defendant fired Plaintiff using pretextual reasons.

24. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate about unpaid overtime hours based on his recollections. After proper discovery, the Plaintiff will adjust his Statement of Claim accordingly.

25. Plaintiff HECTOR M. ROJAS seeks to recover half-time overtime wages for every hour in excess of 40 that he worked during the relevant employment period with Defendants, liquidated damages, retaliatory damages, the reimbursement of $7,615.00 which were illegally deducted from Plaintiff's wages, and any other relief as allowable by law.

26. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

# COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiff HECTOR M. ROJAS re-adopts every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

28. This cause of action is brought by Plaintiff HECTOR M. ROJAS as a collective action to recover from Defendants' overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendant TASCA DE ESPANA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions, etc. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

30. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

31. Defendants TASCA DE ESPANA and SHAHRUKH D. SARIARI employed Plaintiff HECTOR M. ROJAS as a non-exempted, full-time, salaried employee from approximately February 15, 2018, to November 11, 2019, or 90 weeks.

32. The Plaintiff was hired as a cook and to perform general restaurant work. During his relevant employment period, the Plaintiff was paid $750.00 and $1,000.00 per week.

33. While employed by Defendants, Plaintiff worked 6 days per week a very regular schedule. The plaintiff worked always in excess of 40 hours weekly. The Plaintiff was paid a weekly salary, but he was not paid for overtime hours.

34. Plaintiff worked the weeks and periods, at the rates as follows:

35. <u>A.- From February 15 to July 30, 2018, at TASCA DE ESPANA= 23 weeks</u>

    In this period, the Plaintiff had a regular schedule of 6 working days per week a total of 47 hours weekly, and he was paid a salary of $750.00 weekly, or $15.96 an hour. The Plaintiff's half-time overtime rate should be $7.98 an hour.

    <u>B.- From August 01 to January 08, 2019 at Sobe Restaurant Bar= 23 weeks</u>

    In this period, the Plaintiff had a regular schedule of 6 working days per week a total of 78 hours weekly. The Plaintiff was paid a salary of $1,000.00 weekly, or $12.82 an hour. The Plaintiff's half-time overtime rate should be $6.41 an hour.

36. <u>C.- From January 09 to November 11, 2019 at TASCA DE ESPANA= 44 weeks</u>

In this period, the Plaintiff had a regular schedule of 6 working days per week a total of 57 hours weekly. The Plaintiff was paid a salary of $1,000.00 weekly, or $17.55 an hour. The Plaintiff's half-time overtime rate should be $8.78 an hour.

37. During all his time of employment with Defendants, the Plaintiff was unable to take bonafide lunch periods.

38. During his entire period of employment with the Defendants, Plaintiff worked in excess of 40 hours weekly, he was paid a salary, but he was not paid for overtime hours as required by the FLSA.

39. The Plaintiff clocked-in and out at Tasca de Espana. While working at Sobe Restaurant Bar, the Defendants did not use any timekeeping device, but the Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

41. The Plaintiff was paid weekly by direct deposits or checks, without any record or paystub showing basic information such as the number of days and hours worked, wage-rate paid, employee's taxes withheld etc.

42. In addition, while working at TASCA DE ESPANA Defendants did not pay Plaintiff his wages free and clear, and they made illegal weekly deductions to cover the costs of broken glasses and plates, cleaning, etc.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and

custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

44. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these are preliminary calculations and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Fourteen Thousand Two Hundred-Two Dollars and 56/100 ($14,202.56)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 90 weeks
    Total number of relevant weeks: 90 weeks

    A.- <u>From February 15 to July 30, 2018, at TASCA DE ESPANA= 23 weeks</u>

    Total relevant weeks: 23 weeks
    Total hours worked: 47 hours weekly
    Total overtime hours: 7 hours
    Salary: $750.00 weekly: 47 hours =$15.96 an hour
    Regular rate: $15.96 an hour: 2= $7.98 half-time overtime
    Half-time O/T rate: $7.98 an hour

    Half-time O/T $7.98 x 7 O/T hours=$55.86 weekly x 23 weeks=$1,284.78

    - Illegal deduction for this period / $25.00 weekly x 23 weeks=$575.00

    B.- <u>From August 01 to January 08, 2019 at Sobe Restaurant Bar= 23 weeks</u>

    Total relevant weeks: 23 weeks
    Total hours worked: 78 hours weekly
    Total overtime hours: 38 hours
    Salary: $1,000.00 weekly: 78 hours =$12.82 an hour
    Regular rate: $12.82 an hour: 2= $6.41 half-time overtime
    Half-time O/T rate: $6.41 an hour

Half-time O/T $6.41 x 38 O/T hours=$243.58 weekly x 23 weeks=$5,602.34

- No Illegal deduction for this period

C.- From January 09 to November 11, 2019 at TASCA DE ESPANA= 44 weeks

Total relevant weeks: 44 weeks
Total hours worked: 57 hours weekly
Total overtime hours: 17 hours
Salary: $1,000.00 weekly: 57 hours =$17.55 an hour
Regular rate: $17.55 an hour: 2= $8.78 half-time overtime
Half-time O/T rate: $8.78 an hour

Half-time O/T $9.78 x 17 O/T hours=$166.26 weekly x 44 weeks=$7,315.44

- Illegal deduction for this period /$160.00 weekly x 44 weeks=$7,040.00

Total unpaid Half-time O/T: $14,202.56

Total Illegal deductions: $7,615.00

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid half-time overtime wages plus the reimbursement of illegal deductions.

46. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

47. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set

forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

48. At the times mentioned, individual Defendant SHAHRUKH D. SARIARI was the owner and manager of TASCA DE ESPANA. Defendant SHAHRUKH D. SARIARI was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TASCA DE ESPANA in relation to their employees, including Plaintiff and others similarly situated. Defendant SHAHRUKH D. SARIARI had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

49. Defendants TASCA DE ESPANA and SHAHRUKH D. SARIARI willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff HECTOR M. ROJAS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff HECTOR M. ROJAS and other similarly situated individuals and against the Defendants TASCA DE ESPANA and SHAHRUKH D.

SARIARI based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff HECTOR M. ROJAS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff HECTOR M. ROJAS demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

51. Plaintiff HECTOR M. ROJAS re-adopts every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

52. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

53. Defendant TASCA DE ESPANA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a bakery/restaurant and is engaged in interstate commerce. The Defendant also operates an online store. Upon information and belief, the proportional

annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

54. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

55. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

56. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

57. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

58. Defendants TASCA DE ESPANA and SHAHRUKH D. SARIARI employed Plaintiff HECTOR M. ROJAS as a non-exempted, full-time, salaried employee from approximately February 15, 2018, to November 11, 2019, or 90 weeks.

59. The Plaintiff was hired as a cook and to perform general restaurant work. During his relevant employment period, the Plaintiff was paid $750.00 and $1,000.00 per week.

60. While employed by Defendants, Plaintiff worked 6 days per week a very regular schedule. The Plaintiff worked always in excess of 40 hours weekly. The Plaintiff was paid a weekly salary, but he was not paid for overtime hours.

61. Plaintiff worked the weeks and periods, at the rates as follows:

62. A.- From February 15 to July 30, 2018, at TASCA DE ESPANA= 23 weeks

    In this period, the Plaintiff had a regular schedule of 6 working days per week a total of 47 hours weekly, and he was paid a salary of $750.00 weekly, or $15.96 an hour. The Plaintiff's half-time overtime rate should be $7.98 an hour.

    B.- From August 01 to January 08, 2019 at Sobe Restaurant Bar= 23 weeks

    In this period, the Plaintiff had a regular schedule of 6 working days per week a total of 78 hours weekly. The Plaintiff was paid a salary of $1,000.00 weekly, or $12.82 an hour. The Plaintiff's half-time overtime rate should be $6.41 an hour.

63. C.- From January 09 to November 11, 2019 at TASCA DE ESPANA= 44 weeks

    In this period, the Plaintiff had a regular schedule of 6 working days per week a total of 57 hours weekly. The Plaintiff was paid a salary of $1,000.00 weekly, or $17.55 an hour. The Plaintiff's half-time overtime rate should be $8.78 an hour.

64. During his entire period of employment with the Defendants, Plaintiff worked in excess of 40 hours weekly, he was paid a salary, but he was not paid for overtime hours as required by the FLSA.

65. The Plaintiff clocked-in and out at Tasca de Espana. While working at Sobe Restaurant Bar, the Defendants did not use any timekeeping device, but the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

66. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

67. The Plaintiff was paid weekly by direct deposits or checks, without any record or paystub showing basic information such as the number of days and hours worked, wage-rate paid, employee's taxes withheld etc.

68. In addition, while working at TASCA DE ESPANA Defendants did not pay Plaintiff his wages free and clear, and they made illegal weekly deductions to cover the costs of broken glasses and plates, cleaning, etc.

69. The Plaintiff was not in agreement with the lack of payment for overtime hours and with the weekly deductions and he complained multiple times to the owner of the business SHAHRUKH D. SARIARI. The Plaintiff requested to be paid for overtime hours and to stop the weekly deductions.

70. On or about November 04, 2019, Plaintiff complained the last time. Once again he required to be paid for overtime to the owner of the business SHAHRUKH D. SARIARI.

71. These complaints constituted protected activity under the Fair Labor Standards Act.

72. As a result of the Plaintiff's multiple complaints, on or about November 11, 2019, Defendant fired Plaintiff using pretextual reasons.

73. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

74. There is proximity between Plaintiff's protected activity and his termination.

75. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

76. At the times mentioned, individual Defendant SHAHRUKH D. SARIARI was the owner and manager of TASCA DE ESPANA. Defendant SHAHRUKH D. SARIARI was the

employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TASCA DE ESPANA in relation to their employees, including Plaintiff and others similarly situated. Defendant SHAHRUKH D. SARIARI had absolute financial and operational control of the Corporation, he determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

77. Plaintiff HECTOR M. ROJAS seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, the reimbursement of illegal deductions and any other relief as allowable by law.

78. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HECTOR M. ROJAS respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against the Defendants TASCA DE ESPANA and SHAHRUKH D. SARIARI that the Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants TASCA DE ESPANA and SHAHRUKH D. SARIARI to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff HECTOR M. ROJAS further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff HECTOR M. ROJAS demands trial by a jury of all issues triable as of right by a jury.

Dated: March 25, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*