UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-21285-CIV-WILLIAMS

HECTOR M. ROJAS,

    Plaintiff,

v.

TASCA DE ESPANA LLC,
and SHAHRUKH D. SARIARI, individually,

    Defendants,
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made by and between Plaintiff HECTOR M. ROJAS (hereinafter, "Plaintiff") on the one hand, and Defendants TASCA DE ESPANA LLC and SHAHRUKH D. SARIARI (hereinafter, collectively as "Defendants"), on the other.

WHEREAS, Plaintiff, through the above-referenced case, alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA"). Plaintiff also alleged he was fired in retaliation for his complaints regarding overtime compensation.

WHEREAS, Defendants deny any violations of the FLSA as it regards Plaintiff and all other allegations set forth in the Complaint, and, in fact, assert that they have at all times complied with all applicable laws, rules and regulations in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them as it relates to the FLSA, Plaintiff's engagement with Defendants, and any other employment related issues, amicably and expeditiously;

1

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of his FLSA claims against Defendants and all other claims related to his engagement, the termination of his engagement, and his alleged employment and separation of employment.

3. **RELEASE OF CLAIMS**.

    a.      This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA, or any other cause of action, against Defendants.

    b.      Plaintiff hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendants and their agents, affiliates, owners, members, managers, heirs, estates, insurers, assigns, successors, predecessors, and related companies (hereinafter "Releasees") from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated (including, but not limited to, those arising out of, or in any way connected with, the work relationship of the Parties in any position at any time, and including, but not limited to, all claims that were raised or could have been raised in

any civil action), for monetary damages, emotional damages, punitive damages, attorneys' fees, costs, wages, bonuses, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, money, remuneration, expert's fees and expenses, or thing of value whatsoever, including, but not limited to, claims arising under or relating to:

- A. 42 U.S.C. § 1981;
- B. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq*.
- C. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;
- D. The Florida Minimum Wage Act ("FMWA")
- E. Florida Statute § 440.205;
- F. The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;
- G. The Labor Management Relations Act of 1947;
- H. The Equal Pay Act of 1963;
- I. The Occupational Safety and Health Act of 1970;
- J. The Rehabilitation Act of 1973;
- K. The Health Maintenance Organization Act of 1973;
- L. The Immigration Reform and Control Act of 1986;
- M. The Family and Medical Leave Act of 1993 ("FMLA");
- N. Executive Orders 11141, 11246, and 11375;
- O. 42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;
- P. The Americans with Disabilities Act ("ADA"), as amended;
- Q. The Consolidated Omnibus Reconciliation Act ("COBRA");

3

R.  The Employee Retirement Income Security Act of 1974 ("ERISA");

S.  Any claims for damages, injuries, illnesses, workers compensation, or complications now known or that may later be discovered, including all effects and consequences thereof;

T.  The Civil Rights Acts of 1866, 1871, 1964 (including Title VII of that Act), or 1991;

U.  The Internal Revenue Service Code;

V.  Chapter 448, Florida Statutes;

W.  Chapter 440, Florida Statutes;

X.  The Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act of 1990 ("OWBPA");

Y.  The National Labor Relations Act;

Z.  The Genetic Information Non-Discrimination Act;

AA. Any claim for breach of contract;

BB. Any claim for defamation, libel, or slander;

CC. Any federal, state or local laws prohibiting employment discrimination;

DD. Any claims arising from alleged harassment, negligence or intentionally tortious conduct by Employer occurring before, during or after the relationship between Plaintiff and Employer through the day of this release;

EE. And all other claims under federal, state of local statute or ordinance or common law, including but not limited to those relating to discrimination or retaliation in employment.

The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this Release from Plaintiff to Defendants.

Except for enforcement of this Agreement, if Plaintiff should later initiate or participate in any legal action or proceeding against Defendants, for any claim arising or accruing before and through the effective date of this agreement, this Agreement will be conclusive evidence that any such claims have been released. The parties agree that to the extent, if any, Plaintiff may have any non-waivable rights to file or participate in a claim or charge against any of the Released Parties, this Agreement shall not be intended to waive such a right.  However, even if Plaintiff has a right to file or participate in a claim or charge against any of the Released Parties, Plaintiff agrees that Plaintiff shall not obtain, and hereby waives Plaintiff's right to, any relief of any kind from such a claim or charge.

4. **PLAINTIFF AGE CLAIM WAIVER.**

Plaintiff understands that there is included within the release given by Plaintiff in the section of this Agreement entitled "Release of Claims" a release and waiver of all rights and claims Plaintiff may have under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. (the "**ADEA**").  In compliance with the ADEA, Defendants hereby advise Plaintiff as follows:

a. **Plaintiff has the right, and is encouraged to, consult with an attorney at Plaintiff's own cost prior to executing this Agreement.**

b. The waiver and release of rights and claims under the ADEA pertains only to rights and claims arising on or before the Effective Date of this Agreement, but not to rights and claims under the ADEA that arise after the Effective Date of this Agreement.

c. Plaintiff shall have a period of twenty-one (21) days after the date on which this Agreement is delivered to Plaintiff to consider whether or not to execute it.  Plaintiff may accept

the offer contained in the Agreement at any time within the twenty-one (21) day period by signing it and delivering it to Defendants. If Plaintiff does so, the twenty-one (21) day period automatically ceases. If Plaintiff does not accept the offer prior to the end of the twenty-one (21) day period, it shall be automatically revoked.

      **d.**    Notwithstanding any other provisions hereof, this Agreement shall not become effective until seven (7) days have passed following the date on which it is executed by Plaintiff. During said seven (7) day period, Plaintiff may revoke this Agreement by notice in writing to Defendants, in which case this Agreement shall be null and void and unenforceable by either party and Plaintiff shall not be entitled to receive the money itemized under the Paragraph entitled "Consideration" below.

Plaintiff represents and warrants that Plaintiff freely and knowingly, and after due consideration and having the opportunity to consult with an attorney, enters into this Agreement intending to waive, settle, and release all claims Plaintiff has or might have against Defendants.

      **5.**    **CONSIDERATION**.

      a.    In consideration of the matters set forth herein, Defendants shall pay Plaintiff and his attorney the total gross amount of $11,000.00 (Eleven Thousand and 00/100 Dollars) (hereinafter the "Settlement Sum"), via wire transfer, or in the form of a check, which shall be allocated as follows:

- $6,000.00 made payable to Plaintiff, HECTOR M. ROJAS, as and for payment of any alleged unpaid overtime wages, liquidated damages, and any other damages allegedly due to Plaintiff HECTOR M. ROJAS, for which an IRS Form 1099 shall issue to Plaintiff. From this amount, $3,000.00 shall be allocated as "wages", and $3,000.00 shall be allocated as "liquidated damages";

- $4,400.00 made payable to Zandro E. Palma, PA, as payment of attorneys' fees and $600.00 in costs, for a total of $5,000.00, incurred in connection with Plaintiff's claims, and for which separate IRS Forms 1099 shall issue to Plaintiff and/or Zandro E. Palma, P.A.

74100599.2

Doc ID: 9b0c99e44b14736ae09c7b95cc40baafea8f880a

      b.      The full settlement amount $11,000.00, which resolves all of PLAINTIFF'S claims, including payment for attorney's fees and costs, shall be provided to Plaintiff's counsel either via wire transfer, or via one lump sum payment made to "Zandro E. Palma, P.A. IOLTA", and shall be due within 10 days after the execution of this agreement.  All funds shall remain in Plaintiff's Counsel's Trust Account until such time that the Court has entered an Order approving the terms of the parties' settlement agreement and dismissing the case with prejudice.

      The full settlement amount shall be delivered to Plaintiff's counsel's office, at: Zandro E. Palma, Esq., Law Offices of Zandro E. Palma, P.A., 9100 South Dadeland Blvd., Suite 1500, Miami, Florida 33156, or be made via wire transfer to Plaintiff's counsel's Trust Account.

      d.      Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph except for his execution of this Agreement, including the Release of Claims contained herein, and his fulfillment of the promises contained herein.

      e.      Defendants make no representation as to the taxability of the amounts paid to Plaintiff.  Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorneys under the terms of this Agreement.

      5.      **<u>AFFIRMATION</u>**.  Plaintiff affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with his claims for overtime compensation against Defendants.  Plaintiff further understands and acknowledges that, except as specifically provided for in this Agreement, Plaintiff is not entitled

74100599.2

to any other payments for salary, severance, notice, vacations, holidays, sick leave, paid time off, compensatory time or other benefits of any kind or to any other form or kind of payment, allowance or compensation, including but not limited to short-term and long-term disability insurance or benefits and life insurance coverage.

6. **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendants of any liability, unlawful conduct of any kind or violation by the Releasees.  This Agreement represents the compromise of disputed and contingent claims.

7. **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges he is aware he is giving up all claims related to his engagement and alleged employment, including FLSA claims, he may have against the Defendants.  Plaintiff acknowledges he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.  In fact, Plaintiff acknowledges that he has consulted with his counsel of record, Zandro E. Palma, P.A., prior to executing this Agreement.  Plaintiff signs this Agreement voluntarily.

8. **WAIVER OF JURY TRIAL**.  Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the claims asserted in the above-referenced case.

9. **SEVERABILITY**.  Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiffs' claims.

Doc ID: 9b0c99e44b14736ae09c7b95cc40baafea8f880a

10. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Southern District of Florida.

11. **LITIGATION OF DISPUTES/ATTORNEY'S FEES**. In the event of a dispute as to the execution, interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement. In any dispute, arbitration or litigation arising out of this Agreement, and/or its execution, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs. These fees and costs shall be recoverable at both the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiffs.

12. **ENTIRE AGREEMENT AS TO CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of their employment based claims. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to sign this Agreement, except those set forth in this Agreement.

13. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement. The parties agree that this Agreement may be executed in counterparts, each of which will be deemed an original, and all counterparts so executed shall

constitute one agreement binding on the parties hereto, notwithstanding that all of the parties are not signatory to the same counterpart.

14. **NEUTRAL REFERENCES**. Defendants agree to only provide neutral references in the event it shall be contacted by a prospective employer of Plaintiff. Said references shall be limited to providing only dates of engagement/employment, position held and rate of pay.

15. **CONFIDENTIALITY AND NON-DISPARAGEMENT**. Unless required by law to do so, both Plaintiff and the Defendants and their respective counsel shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns he/they perceive that he/they may have had with the other party, their shareholders, members, managers, affiliates, attorneys, employees and representatives (past or present) or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the other party, their shareholders, members, managers, affiliates, attorneys, employees and representatives (past or present). Such communication includes all social media, including, but not limited to, Facebook, blogs, twitter, Instagram, or similar social media platforms. The parties acknowledge and agree that this prohibition extends to statements, written or oral, made to anyone, including, but not limited to, the news media, social media, and vendors, and employees (past and present).

This Agreement is also STRICTLY CONFIDENTIAL. Both parties and their counsel each agree that they will not disclose, publicize, or discuss any of the terms or conditions of this Agreement with anyone, except their attorney, spouse, and/or accountant or as required under the law, including if the Court requires the disclosure of this Agreement. In the event that either party, or agent of either party discloses this Agreement or any of its terms or conditions to his or her spouse, present domestic partner, attorney, and/or accountant, it shall be their duty to advise said

individual(s) of the confidential nature of this Agreement; and direct them not to disclose, publicize, or discuss any of the terms or conditions of this Agreement with anyone else. Moreover, the parties agree that a breach of this Agreement will result in irreparable and continuing damage, for which there will be no adequate remedy at law. In the event of a breach of the confidentiality and non-disparagement provisions of this Agreement by either party, the aggrieved party in such event shall immediately be entitled to pursue any and all remedies they may have against the breaching party, including but not limited to, by specific performance, injunction, damages, or such other remedies and relief as may be available, regardless of any contrary provision of this Agreement.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND**

**RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

[SIGNATURES APPEAR ON FOLLOWING PAGE]

07 / 08 / 2020
Dated: July _____, 2020                HECTOR M. ROJAS, Plaintiff

_____
*[signature]*

Dated: July _____, 2020                TASCA DE ESPANA, LLC, Defendant

By: _____

Dated: July _____, 2020                SHAHRUKH D. SARIARI, Defendant

_____

Dated: July _____, 2020    HECTOR M. ROJAS, Plaintiff

07 / 08 / 2020

[signature]

Dated: July 10, 2020    TASCA DE ESPANA, LLC, Defendant

By: [signature]

Dated: July 10, 2020    SHAHRUKH D. SARIARI, Defendant

[signature]

13

74100599.2

Doc ID: 9b0c99e44b14736ae09c7b95cc40baafea8f880a



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | ROJAS HECTOR - SE...-8-20) 070820.pdf |
| **DOCUMENT ID** | 9b0c99e44b14736ae09c7b95cc40baafea8f880a |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

Document History

SENT    **07 / 08 / 2020**    Sent for signature to Hector Rojas (hrojaspino@gmail.com)
        17:16:16 UTC-5        from jfp@thepalmalawgroup.com
                              IP: 73.0.216.26

VIEWED  **07 / 08 / 2020**    Viewed by Hector Rojas (hrojaspino@gmail.com)
        21:10:29 UTC-5        IP: 172.58.11.184

SIGNED  **07 / 08 / 2020**    Signed by Hector Rojas (hrojaspino@gmail.com)
        21:16:28 UTC-5        IP: 172.58.11.184

COMPLETED **07 / 08 / 2020**  The document has been completed.
          21:16:28 UTC-5

Powered by HELLOSIGN